Joseph H. Harrington
Acting United States Attorney
Eastern District of Washington
David M. Herzog
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 16, 2021

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:21-CR-29-RMP |
| Plaintiff, | INDICTMENT |
| v. | Vio: 18 U.S.C. §§ 1591(a)(1), (b)(2), 1594(a)<br>Child Sex Trafficking and Attempted Child Sex Trafficking<br>(Count 1) |
| BOBBY CHARLES OWENS, | |
| Defendant. | |
| | 18 U.S.C. § 2251(a), (e)<br>Attempted Production of Child Pornography<br>(Count 2) |
| | 18 U.S.C. § 2252A(a)(2)(A), (b)(1)<br>Receipt and Attempted Receipt of Child Pornography<br>(Count 3) |
| | 18 U.S.C. §§ 1594, 2253<br>Forfeiture Allegations |

The Grand Jury charges:

## COUNT 1

Between on or about February 27, 2019, and on or about March 28, 2019, within the Eastern District of Washington, the Defendant, BOBBY CHARLES

INDICTMENT – 1

OWENS, in and affecting interstate commerce, did knowingly recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, and solicit minor female C.S., knowing and in reckless disregard of the fact, and having had a reasonable opportunity to observe minor female C.S., that C.S. had not attained the age of 18 years and would be caused to engage in a commercial sex act, and did attempt the same, all in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2), and 1594(a).

COUNT 2

Between or about February 27, 2019, and March 28, 2019, in the Eastern District of Washington, the Defendant, BOBBY CHARLES OWEN, did attempt to knowingly employ, use, persuade, induce, entice, and coerce minor female C.S. to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transmitted using any means and facility of interstate commerce and using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, all in violation of 18 U.S.C. § 2251(a), (e).

COUNT 3

Between or about February 27, 2019, and on or about February 28, 2019, in the Eastern District of Washington, the Defendant, BOBBY CHARLES OWEN, did knowingly receive child pornography, as defined in 18 U.S.C. § 2256(8)(A), that had been mailed, shipped and transported in interstate commerce by any means, including by computer, to wit: visual depictions of minor female C.S. engaging in sexually explicit conduct, including the lascivious exhibition of her genitals and pubic area, and did attempt the same, all in violation of 18 U.S.C. § 2252(a)(2)(A), (b)(1).

## NOTICE OF FORFEITURE ALLEGATIONS

The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures.

Pursuant to 18 U.S.C. § 1594, upon conviction of an offense in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2), and/or 1594(a), as alleged in this Indictment, the Defendant, BOBBY CHARLES OWENS, shall forfeit to the United States of America, any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of the offense and any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offense.

Pursuant to 18 U.S.C. § 2253, upon conviction of an offense in violation of 18 U.S.C § 2251(a), (e), and/or 18 U.S.C § 2252A(a)(2)(A), (b)(1), as alleged in this Indictment, the Defendant, BOBBY CHARLES OWENS, shall forfeit to the United States of America any visual depiction described in 18 U.S.C. §§ 2251, 2251A, 2252, 2252A, 2252B, or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense, or any property traceable to such property.

If any of the property described above, as a result of any act or omission of the Defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b) and/or 28 U.S.C. § 2461(c).

DATED this 16 day of March, 2021.

*[signature]*
Joseph H. Harrington
Acting United States Attorney

*[signature]*
David M. Herzog
Assistant United States Attorney

INDICTMENT – 4