FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 20, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | No. 2:21-CR-0029-RMP-1 |
|---|---|
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION FOR TEMPORARY FURLOUGH |
| vs. | |
| BOBBY CHARLES OWENS, | **MOTION DENIED** |
| Defendant. | **ECF No. 52** |

On July 18, 2022, the Court held a hearing to consider Defendant's Motion for Temporary Furlough. ECF No. 52. The Court appeared via video teleconference. Defendant appeared while in custody with Assistant Federal Defender Stephen Roberts. Assistant U.S. Attorney Alison Gregoire represented the United States. U.S. Probation Officer Lori Cross was also present. Defendant consented to proceed via video teleconference.

Defendant, through counsel, made factual proffers and argued for a furlough to attend his sister's memorial service and submitted that there are conditions the Court could impose that would reasonably assure Defendant's appearance as required and reasonably assure the safety of the community.

The United States joins with the United States Probation Officer in opposing Defendant's motion. The United States argued that Defendant's history is replete

ORDER DENYING DEFENDANT'S MOTION FOR TEMPORARY FURLOUGH - 1

with failures to appear for court, the proposed custodian would be unable to ensure that Defendant returned to jail as required, and that the looming threat of a likely twelve-year prison sentence may motivate Defendant to abscond.

The Court has reviewed the Pretrial Services Report (ECF No. 10); Supplemental Pretrial Services Report (ECF No. 24); Defendant's Motion to for Temporary Furlough (ECF No. 52); as well as the proffers and arguments of counsel. The Court construes Defendant's motion as a motion for temporary release pursuant to 18 U.S.C. § 3142(i). The Court finds that Defendant presents both a risk of flight as well as a risk to the safety of the community and the Court finds that there is not a compelling reason to temporarily release Defendant from custody.

Defendant's criminal history includes violent offenses as well as numerous failures to appear. The nature of the offense as well as Defendant's history of violence suggests that Defendant presents a risk to the community. Defendant's history of failures to appear coupled with a near certain sentence of twelve years (based on Defendant's statement that a change of plea hearing to consider a plea agreement contemplating an agreed twelve-year sentence is imminent) creates a significant incentive to flee. Additionally, the Court finds that proposed conditions, including the possibility of Defendant's wife acting as a third-party custodian and electronic location monitoring are insufficient to overcome the Court's concerns and fail to address the possibility that minor children as well as other unknown individuals may be present at the services.

Accordingly, the Court also finds that the United States has established by a preponderance of the evidence that no condition or combination of conditions will reasonably assure Defendant's appearance at future proceedings and the United States has established by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons or the community if Defendant is released.

ORDER DENYING DEFENDANT'S MOTION FOR TEMPORARY FURLOUGH - 2

As stated during the hearing, the Court leaves open the possibility of reconsideration of Defendant's motion if Defendant were to retain the services of off duty law enforcement officers to serve as a third-party custodian. Accordingly, for the reasons stated in this Order and during the hearing,

**IT IS ORDERED** that Defendant's Motion for Temporary Furlough, **ECF No. 52** is **DENIED**.

DATED July 19, 2022.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER DENYING DEFENDANT'S MOTION FOR TEMPORARY FURLOUGH - 3