Vanessa R. Waldref
United States Attorney
Eastern District of Washington
David M. Herzog
Alison L. Gregoire
Assistant United States Attorneys
Post Office Box 1494
Spokane, Washington 99210-1494
(509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 04, 2022

SEAN F. McAVOY, CLERK

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BOBBY CHARLES OWENS,<br><br>Defendant. | Case No.: 2:21-CR-00029-RMP<br><br>Plea Agreement Entered Under Federal Rule of Criminal Procedure 11(c)(1)(C) |

Plaintiff United States of America, by and through Vanessa R. Waldref, United States Attorney the Eastern District of Washington, and David M. Herzog and/or Alison L. Gregoire, Assistant United States Attorneys for the Eastern District of Washington, and Defendant Bobby Charles Owens ("Defendant"), both individually and by and through Defendant's counsel, Federal Defender Andrea George, agree to the following Plea Agreement.

1.    <u>Guilty Plea and Maximum Statutory Penalties</u>

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Defendant agrees to enter a plea of guilty to an Information Superseding Indictment charging him with Attempted Child Sex Trafficking, in violation of 18 U.S.C. § 1594(a), a Class A felony.

Defendant understands that the following potential penalties apply:

PLEA AGREEMENT - 1

a. a term of imprisonment of not less than 10 years and up to a lifetime, because his victim had attained the age of 14 years but not the age of 18 years, pursuant to 18 U.S.C. § 1591(a)(1), (b)(2);

b. a term of supervised release of not less than 5 years and up to life;

c. a fine of up to $250,000;

d. mandatory registration as a sex offender;

e. a mandatory special assessment of $5,000 pursuant to the Justice for Victims of Trafficking Act ("JVTA") of 2015, absent a judicial finding of indigence;

f. restitution; and

g. a $100 special penalty assessment.

Defendant understands that a violation of a condition of supervised release carries an additional penalty of reimprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

2. Supervised Release

Defendant understands that if Defendant violates any condition of Defendant's supervised release, the Court may revoke Defendant's term of supervised release, and require Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, up to the following terms:

a. 5 years in prison if the offense that resulted in the term of Supervised Release is a class A felony,

b. 3 years in prison if the offense that resulted in the term of Supervised Release is a class B felony, and/or

c. 2 years in prison if the offense that resulted in the term of Supervised Release is a class C felony.

PLEA AGREEMENT - 2

Accordingly, Defendant understands that if Defendant commits one or more violations of supervised release, Defendant could serve a total term of incarceration greater than the maximum sentence authorized by statute for Defendant's offense or offenses of conviction.

3.    Rule 11 Nature of the Plea Agreement

Defendant acknowledges that this Plea Agreement is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) ("Rule 11(c)(1)(C)").  Pursuant to Rule 11(c)(1)(C), the United States and Defendant agree that the appropriate disposition of the case is 144 months (12 years) in custody, to be followed by a lifetime of Supervised Release.  The United States and Defendant agree to make those sentencing recommendations to the Court.  Although the United States and Defendant agree to make these recommendations to the Court pursuant to Rule 11(c)(1)(C), Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will ultimately impose.

Defendant understands that Defendant may withdraw from this Plea Agreement if the Court imposes a term of imprisonment of greater than 144 months (12 years) or indicates its intent to do so.  Defendant also understands that the United States may withdraw from this Plea Agreement if the Court imposes a term of imprisonment of less than 144 months (12 years) or a term of supervised release of less than Defendant's lifetime, or indicates its intent to do so.

The United States and Defendant acknowledge that the imposition of any fine, restitution, or conditions of Supervised Release are not part of the Rule 11(c)(1)(C) nature of this Plea Agreement; that the United States and Defendant are free to make any recommendations they deem appropriate as to the imposition of fines, restitution, or conditions of Supervised Release; and that the Court will exercise its discretion in this regard.  The Court's decisions regarding the imposition of fines, restitution, or conditions of Supervised Release will not provide bases for Defendant to withdraw Defendant's guilty plea or withdraw from this Rule 11(c)(1)(C) Plea Agreement.

PLEA AGREEMENT - 3

Defendant acknowledges that if either the United States or Defendant successfully withdraws from this Plea Agreement, the Plea Agreement becomes a nullity, and the United States is no longer bound by any representations within it.

4.    <u>Sex Offender Registration</u>

Defendant understands that by pleading guilty, Defendant will be required to register as a sex offender upon release from prison as a condition of supervised release, pursuant to 18 U.S.C. § 3583(d).

Defendant also understands that independent of Defendant's term of supervised release, Defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout Defendant's lifetime.

Defendant agrees that during the duration of Defendant's registration requirement, Defendant will keep Defendant's registration current with the state sex offender registration agency or agencies of any state in which Defendant lives or resides for more than 72 hours. Defendant agrees that during the duration of Defendant's registration requirement, Defendant will notify and verify with the state sex offender registration agency or agencies of any state in which Defendant lives or resides for more than 72 hours, of changes to Defendant's name, place of residence, place of employment, education, or religious worship, and any other information required by such agency or agencies. Defendant understands that Defendant will be subject to possible federal and state penalties for failure to comply with any such requirements. Defendant understands that under 18 U.S.C. § 4042(c), notice will be provided to law enforcement agencies upon Defendant's release from confinement.

Defendant shall initially register with the state sex offender registration of the state of Defendant's release, and shall also register with the state sex offender agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer.

Defendant shall provide proof of registration to the Probation Officer within 72 hours of Defendant's release from custody.

PLEA AGREEMENT - 4

5.    Potential Immigration Consequences of Guilty Plea

If Defendant is not a citizen of the United States, Defendant understands the following:

        a.    pleading guilty in this case may have immigration consequences;

        b.    a broad range of federal crimes may result in Defendant's removal from the United States, including the offense to which Defendant is pleading guilty;

        c.    removal from the United States and other immigration consequences are the subject of separate proceedings; and

        d.    no one, including Defendant's attorney or the Court, can predict with absolute certainty the effect of a federal conviction on Defendant's immigration status.

Defendant affirms that Defendant is knowingly, intelligently, and voluntarily pleading guilty as set forth in this Plea Agreement, regardless of any immigration consequences that Defendant's guilty plea may entail.

6.    Waiver of Constitutional Rights

Defendant understands that by entering this guilty plea, Defendant is knowingly and voluntarily waiving certain constitutional rights, including the following:

        a.    the right to a jury trial;

        b.    the right to see, hear and question the witnesses;

        c.    the right to remain silent at trial;

        d.    the right to testify at trial; and

        e.    the right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted by an attorney through the sentencing proceedings in this case and any direct appeal of Defendant's conviction and sentence, and that an attorney will be appointed at no cost if Defendant cannot afford to hire an attorney.

PLEA AGREEMENT - 5

Defendant understands and agrees that any defense motions currently pending before the Court are mooted by this Plea Agreement, and Defendant expressly waives Defendant's right to bring any additional pretrial motions.

7.    Elements of the Offense

The United States and Defendant agree that in order to convict Defendant of Attempted Child Sex Trafficking, in violation of 18 U.S.C. § 1594(a), the United States would have to prove the following, beyond a reasonable doubt:

a.    *First*, beginning on or about February 27, 2019, and continuing through on or about March 28, 2019, within the Eastern District of Washington, Defendant did knowingly attempt to recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, or solicit by any means Minor Victim 1, to engage in a commercial sex act, and attempt to do so;

b.    *Second*, Defendant knew that Minor Victim 1 had attained the age of 14 years, but not the age of 18 years, acted in reckless disregard of Minor Victim 1's age, or had a reasonable opportunity to view Minor Victim 1;

c.    *Third*, Defendant knew that Minor Victim 1 would be caused to engage in a commercial sex act;

d.    *Fourth,* Defendant's conduct was in or affecting interstate or foreign commerce; and

e.    *Fifth,* Defendant took a substantial step in furtherance of the crime of Child Sex Trafficking, in violation of 18 U.S.C. § 1591(a)(1), (b)(2).

8.    Factual Basis and Statement of Facts

The United States and Defendant stipulate and agree that the facts set forth below are accurate; the United States could prove them beyond a reasonable doubt at trial; and that they constitute an adequate factual basis for Defendant's guilty plea.

PLEA AGREEMENT - 6

1   The United States and Defendant agree that this statement of facts does not
2   preclude either party from presenting and arguing, for sentencing purposes, additional
3   facts that are relevant to the Sentencing Guidelines computation or sentencing, unless
4   otherwise prohibited in this Plea Agreement.

5   Beginning on or about February 27, 2019, and continuing through on or about
6   March 28, 2019, within the Eastern District of Washington, Defendant used the
7   messaging capabilities of the online application "Facebook" and the Internet, which is
8   a means and facility of interstate and foreign commerce, to communicate with minor
9   victim C.S.

10   In those communications, Defendant attempted to entice and solicit C.S. to
11   engage in commercial sex acts; namely, to engage in sexual intercourse with
12   Defendant in exchange for $100 that Defendant would give C.S.

13   At all times relevant to the Indictment, it was factually true, and Defendant
14   knew, that C.S. had attained the age of 14 years, but not the age of 18 years.

15   Defendant took a substantial step toward completion of the crime of Child Sex
16   Trafficking, in violation of 18 U.S.C. § 1591(a)(1), (b)(2), when he met with C.S. in
17   person for the purpose of engaging in a commercial sex act with her after enticing her
18   to engage in that commercial sex act using a means and facility of interstate and
19   foreign commerce.

20   Defendant acknowledges that his offense also included causing a minor to
21   engage in sexually explicit conduct for the purpose of producing a visual depiction of
22   such conduct, and knowing distribution of those visual depictions (to himself).
23   Specifically, Defendant acknowledges that while communicating with C.S. on
24   Facebook and the Internet, he specifically requested that she take images and videos
25   of herself that would depict her genitals and pubic area in a lewd and lascivious
26   manner, including C.S. engaging in sexual contact by touching her own vaginal lips
27   with her fingers. Defendant knowingly distributed those images to himself, by asking
28   C.S. to send them to him using Facebook and the Internet, which she did.

PLEA AGREEMENT - 7

1    9.    The United States' Agreements

2    The United States Attorney's Office for the Eastern District of Washington

3    agrees that at the time of sentencing, the United States will move to dismiss the

4    Indictment filed on March 16, 2021, which charges Defendant with Child Sex

5    Trafficking and Attempted Child Sex Trafficking, in violation of 18 U.S.C.

6    §§ 1591(a)(1), (b)(2), and 1594(a) (Count 1);Production of Child Pornography, in

7    violation of 18 U.S.C. § 2251(a), (e) (Count 2) and Receipt of Child Pornography, in

8    violation of 18 U.S.C. § 2252A(a)(2), (b)(1) (Count 3).

9    The United States Attorney's Office for the Eastern District of Washington also

10    agrees not to bring additional charges against Defendant based on information in its

11    possession at the time of this Plea Agreement that arise from conduct that is either

12    charged in the Indictment or identified in discovery produced in this case, unless

13    Defendant breaches this Plea Agreement before sentencing.

14    10.    United States Sentencing Guidelines Calculations

15    Defendant understands and acknowledges that the United States Sentencing

16    Guidelines ("U.S.S.G." or "Guidelines") apply and that the Court will determine

17    Defendant's advisory range at the time of sentencing, pursuant to the Guidelines.

18    a.    Attempted Child Sex Trafficking Offense Level

19    The United States and Defendant agree that the base offense level for

20    Attempted Child Sex Trafficking, in violation of 18 U.S.C. § 1594(a), is 24. *See*

21    U.S.S.G. § 2G1.3(a)(4). The United States and Defendant agree that Defendant's base

22    offense for Attempted Child Sex Trafficking is increased by 2 levels because he used

23    a computer to persuade a minor to engage in prohibited sexual contact. *See* U.S.S.G.

24    § 2G1.3(b)(3)(A). The United States and Defendant agree that Defendant's base

25    offense for Attempted Child Sex Trafficking is increased by another 2 levels because

26    U.S.S.G. § 2G1.3(a)(4) applies and the offense involved a commercial sex act. *See*

27    U.S.S.G. § 2G1.3(b)(4)(B). Accordingly, the United States and Defendant agree that

28    Defendant's offense level for Attempted Child Sex Trafficking is level 28.

PLEA AGREEMENT - 8

b.    Cross Reference: Production of Child Pornography

The United States and Defendant agree that pursuant to the cross reference set forth at U.S.S.G. § 2G1.3(c)(1), Defendant's offense level is determined by U.S.S.G. § 2G2.1 because his offense level under that Guideline is higher than his offense level under U.S.S.G. § 2G1.3, and his offense included causing C.S., a minor, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. Accordingly, the United States and Defendant agree that U.S.S.G. § 2G2.1 applies, and that Defendant's Guidelines calculations are the following:

The base offense level for Sexual Exploitation of a Minor under U.S.S.G. § 2G2.1 (commonly referred to as "Child Pornography Production" in this context) is 32. *See* U.S.S.G. § 2G2.1(a).

The United States and Defendant agree that Defendant's base offense for Child Pornography Production is increased by 2 levels because the offense involved a minor who had attained the age of twelve years but not the age of sixteen years. *See* U.S.S.G. § 2G2.1(b)(1)(B).

The United States and Defendant agree that Defendant's base offense for Child Pornography Production is increased by 2 levels because the offense involved sexual contact, arising from Defendant's specific request that C.S. touch her own vagina with her fingers, which she did. *See* U.S.S.G. § 2G2.1(b)(2)(A).

The United States and Defendant agree that Defendant's base offense for Child Pornography Production is increased by 2 levels because the offense involved Defendant knowingly engaging in distribution by asking C.S. to send him the videos and still photographs depicting sexually explicit images, which she did. *See* U.S.S.G. § 2G2.1(b)(3).

The United States and Defendant agree that Defendant's base offense for Child Pornography Production is increased by 2 levels because the offense involved Defendant's use of a computer to solicit the participation of C.S. in sexually explicit conduct. *See* U.S.S.G. § 2G2.1(b)(6)(B)(ii).

PLEA AGREEMENT - 9

Accordingly, the United States and Defendant agree that Defendant's offense level for Child Pornography Production is level 40. Because that level is higher than level 28, which is Defendant's offense level under Attempted Child Sex Trafficking, the United States and Defendant agree that the cross reference applies.

The United States and Defendant agree that Defendant's offense level under Chapter 2 of the Guidelines is level 40, prior to any reductions for acceptance of responsibility under Chapter 3 or any increases under Chapter 4 of the Guidelines.

       c.    <u>Repeat and Dangerous Sex Offender</u>

The United States submits that Defendant's offense level is increased by five levels because Defendant engaged in a pattern of activity involving prohibited sexual conduct by trafficking or attempting to traffic C.S., and by attempting to produce, and producing, child pornography, on two or more occasions. *See* U.S.S.G. § 4B1.5(b).

Defendant does not affirmatively agree that this enhancement applies, but agrees not to oppose it if the United States Probation Office includes it in the Presentence Report ("PSIR") in this case.

       d.    <u>Acceptance of Responsibility</u>

The United States will recommend that Defendant receive a three-level downward adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a), (b), if Defendant does the following:

           i.      accepts this Plea Agreement;

          ii.      enters a guilty plea at the first Court hearing that takes place after the United States offers this Plea Agreement;

          iii.     demonstrates recognition and affirmative acceptance of Defendant's personal responsibility for his criminal conduct;

          iv.     provides complete and accurate information during the sentencing process; and

          v.      does not commit any obstructive conduct.

PLEA AGREEMENT - 10

1    Defendant and the United States agree that at its option and on written notice to

2    Defendant, the United States may elect not to recommend a reduction for acceptance

3    of responsibility if, prior to the imposition of sentence, Defendant is charged with, or

4    convicted of, any criminal offense, or tests positive for any controlled substance.

5           e.    No Other Agreements

6    The United States and Defendant have no other agreements regarding the

7    Guidelines or the application of any Guidelines enhancements, departures, or

8    variances. Defendant understands and acknowledges that the United States is free to

9    make any sentencing arguments it sees fit, including arguments arising from

10   Defendant's uncharged conduct, conduct set forth in charges that will be dismissed

11   pursuant to this Agreement, and Defendant's relevant conduct.

12          f.    Criminal History

13   The United States and Defendant have no agreement and make no

14   representations about Defendant's criminal history category, which will be determined

15   by the Court after the United States Probation Office prepares and discloses a

16   Presentence Investigative Report.

17   11.    Incarceration

18   Pursuant to Rule 11(c)(1)(C), the United States and Defendant agree that the

19   appropriate disposition of the case is 144 months (12 years) in custody, to be followed

20   by a lifetime of Supervised Release. The United States and Defendant agree to make

21   those sentencing recommendations to the Court, regardless of the Guidelines

22   calculations made by the United States Probation Office or the Court.

23   12.    Supervised Release

24   The United States and Defendant each agree to recommend that the Court

25   impose a lifetime term of supervised release. Defendant agrees that the Court's

26   decision regarding the conditions of Defendant's Supervised Release is final and non-

27   appealable; that is, even if Defendant is unhappy with the conditions of Supervised

28   Release ordered by the Court, that will not be a basis for Defendant to withdraw

PLEA AGREEMENT - 11

1  Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's
2  conviction, sentence, or any term of Supervised Release.
3        The United States and Defendant agree to recommend that in addition to the
4  standard conditions of supervised release imposed in all cases in this District, the
5  Court should also impose the following conditions:
6        a.    The United States Probation Officer may conduct, upon reasonable
7              suspicion, and with or without notice, a search of Defendant's
8              person, residences, offices, vehicles, belongings, and areas under
9              Defendant's exclusive or joint control.
10       b.    Defendant shall participate and complete such drug testing and
11             drug treatment programs as the Probation Officer directs.
12       c.    Defendant shall complete mental health evaluations and treatment,
13             including taking medications prescribed by the treatment provider.
14             Defendant shall allow reciprocal release of information between
15             the Probation Officer and the treatment provider. Defendant shall
16             contribute to the cost of treatment according to the Defendant's
17             ability.
18       d.    Defendant shall report to the Probation Office any and all
19             electronic communications service accounts, as defined in 18
20             U.S.C. § 2510(15) used for user communications, dissemination
21             and/or storage of digital media files (i.e. audio, video, images).
22             This includes, but is not limited to, email accounts, social media
23             accounts, and cloud storage accounts. Defendant shall provide
24             each account identifier and password, and shall report the creation
25             of new accounts, changes in identifiers and/or passwords, transfer,
26             suspension and/or deletion of any account within 5 days of such
27             action. Failure to provide accurate account information may be
28             grounds for revocation. The Probation Office is permitted to

PLEA AGREEMENT - 12

access and search any accounts using Defendant's credentials
pursuant to this condition only when reasonable suspicion exists
that Defendant has violated a condition of Defendant's supervision
and that the accounts to be searched contain evidence of this
violation.

13.    Criminal Fine

The United States and Defendant may make any recommendation concerning the imposition of a criminal fine. Defendant acknowledges that the Court's decision regarding a fine is final and non-appealable; that is, even if Defendant is unhappy with a fine ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or fine.

14.    Mandatory Special Penalty Assessment

Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, pursuant to 18 U.S.C. § 3013.

15.    Restitution

The United States and Defendant agree that restitution is appropriate and mandatory, without regard to Defendant's economic situation, to identifiable victims who have suffered physical injury or pecuniary loss, pursuant to 18 U.S.C. §§ 3663A, 3664. Pursuant to 18 U.S.C. § 3663(a)(3), Defendant voluntarily agrees to pay restitution for all losses caused by Defendant's individual conduct, in exchange for the United States not bringing additional potential charges, regardless of whether counts associated with such losses will be dismissed as part of this Plea Agreement. With respect to restitution, the United States and Defendant agree to the following:

a.    Restitution Amount and Interest

The United States and Defendant stipulate and agree that, pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664, the Court should order restitution to C.S. in an amount that C.S. can document, and that any interest on this restitution amount, if any, should

PLEA AGREEMENT - 13

1  be waived.  Prior to the sentencing hearing, the United States anticipates obtaining
2  from C.S. any relevant documentation regarding restitution and the United States and
3  Defendant will work together to resolve the restitution amount to the extent possible.

4          b.      Payments

5      To the extent restitution is ordered, the United States and Defendant agree that
6  the Court will set a restitution payment schedule based on Defendant's financial
7  circumstances.  18 U.S.C. § 3664(f)(2), (3)(A).

8      Regardless, Defendant agrees to pay not less than 10% of Defendant's net
9  monthly income towards Defendant's restitution obligations.

10         c.      Treasury Offset Program and Collection

11     Defendant understands the Treasury Offset Program ("TOP") collects
12 delinquent debts owed to federal agencies.  If applicable, the TOP may take part or all
13 of Defendant's federal tax refund, federal retirement benefits, or other federal benefits
14 and apply these monies to Defendant's restitution obligations. 26 U.S.C. § 6402(d);
15 31 U.S.C. § 3720A; 31 U.S.C. § 3716.

16     Defendant understands that the United States may, notwithstanding the Court-
17 imposed payment schedule, pursue other avenues to ensure the restitution obligation is
18 satisfied, including, but not limited to, garnishment of available funds, wages, or
19 assets.  18 U.S.C. §§ 3572, 3613, 3664(m).

20     Nothing in this acknowledgment shall be construed to limit Defendant's ability
21 to assert any specifically identified exemptions as provided by law, except as set forth
22 in this Plea Agreement.

23     Until Defendant's fine and restitution obligations are paid in full, Defendant
24 agrees fully to disclose all assets in which Defendant has any interest or over which
25 Defendant exercises control, directly or indirectly, including those held by a spouse,
26 nominee or third party.  Until Defendant's fine and restitution obligations are paid in
27 full, Defendant agrees to provide waivers, consents, or releases requested by the U.S.
28 Attorney's Office to access records to verify the financial information.

PLEA AGREEMENT - 14

d.    Notifications and Waivers

Defendant agrees to notify the Court and the United States of any material change in Defendant's economic circumstances (e.g., inheritances, monetary gifts, changed employment, or income increases) that might affect Defendant's ability to pay restitution. 18 U.S.C. § 3664(k). Defendant agrees to notify the United States of any address change within 30 days of that change. 18 U.S.C. § 3612(b)(1)(F). These obligations cease when Defendant's restitution is paid in full.

Defendant acknowledges that the Court's decision regarding restitution is final and non-appealable; that is, even if Defendant is unhappy with the amount of restitution ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or restitution order.

16.    Payments While Incarcerated

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

17.    Additional Violations of Law Can Void Plea Agreement

The United States and Defendant agree that the United States may, at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its sentencing recommendation if, prior to the imposition of sentence, Defendant is charged with or convicted of any criminal offense or tests positive for any controlled substance.

18.    Waiver of Appeal Rights

In return for the concessions that the United States has made in this Plea Agreement, Defendant agrees to waive Defendant's right to appeal Defendant's conviction and sentence if the Court imposes a term of imprisonment consistent with the terms of this Rule 11(c)(1)(C) Plea Agreement.

PLEA AGREEMENT - 15

If the Court indicates its intent to impose a sentence above the Rule 11(c)(1)(C) terms of this Agreement and Defendant chooses *not* to withdraw, then:

    a.    Defendant may appeal only Defendant's sentence, but not Defendant's conviction;

    b.    Defendant may appeal Defendant's sentence only if it exceeds the high end of the Guidelines range determined by the Court; and

    c.    Defendant may appeal only the substantive reasonableness of Defendant's sentence.

Defendant expressly waives Defendant's right to appeal any restitution order or fine imposed by the Court.

Defendant expressly waives Defendant's right to file any post-conviction motion attacking Defendant's conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel arising from information not now known by Defendant and which, in the exercise of due diligence, Defendant could not know by the time the Court imposes sentence.

Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack upon the conviction or sentence, including, but not limited to, writ of habeas corpus proceedings brought pursuant to 28 U.S.C. § 2255.

19.    <u>Compassionate Release</u>

In consideration for the benefits Defendant is receiving under the terms of this Plea Agreement, Defendant expressly waives Defendant's right to bring any motion for Compassionate Release other than a motion arising from one of the specific bases set forth in this paragraph of this Plea Agreement.

The United States retains the right to oppose, on any basis, any motion Defendant files for Compassionate Release.

The only bases on which Defendant may file a motion for Compassionate Release in the Eastern District of Washington are the following:

PLEA AGREEMENT - 16

a.    Medical Condition of Defendant.

    i.    Defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia; or

    ii.    Defendant is suffering from a serious physical or medical condition, a serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which Defendant is not expected to recover.

b.    Age of Defendant.

    i.    Defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process; and has served at least 10 years or 75 percent of Defendant's term of imprisonment, whichever is less; or

    ii.    Defendant is at least 70 years old and has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which Defendant is imprisoned.

c.    Family Circumstances.

    i.    The caregiver of Defendant's minor child/children has died or become incapacitated, and Defendant is the only available caregiver for Defendant's minor child/children; or

PLEA AGREEMENT - 17

        ii.         Defendant's spouse or registered partner has become incapacitated, and Defendant is the only available caregiver for Defendant's spouse or registered partner.

    d.      Subsequent Reduction to Mandatory Sentence.

        i.          Defendant pleaded guilty to an offense which, on the date of Defendant's guilty plea, carried a mandatory minimum sentence; and

        ii.         after the entry of judgment, the length of the mandatory minimum sentence for Defendant's offense of conviction was reduced by a change in the law; and

        iii.      the application of the reduced mandatory minimum sentence would result in Defendant receiving a lower overall sentence.

    e.      Ineffective Assistance of Counsel.

        i.          Defendant seeks Compassionate Release based on a claim of ineffective assistance of counsel arising from information that Defendant both

             1.     did not know at the time of his guilty plea, and

             2.     could not have known, in the exercise of due diligence, at the time the Court imposed sentence.

20.   <u>Withdrawal or Vacatur of Defendant's Plea</u>

Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction be set aside, vacated, reversed, or dismissed under any circumstance, then:

    a.      this Plea Agreement shall become null and void;

    b.      the United States may prosecute Defendant on all available charges;

PLEA AGREEMENT - 18

c.     The United States may reinstate any counts that have been dismissed, have been superseded by the filing of another charging instrument, or were not charged because of this Plea Agreement; and

d.     the United States may file any new charges that would otherwise be barred by this Plea Agreement.

The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

Defendant agrees to waive any objections, motions, and/or defenses Defendant might have to the United States' decisions to seek, reinstate, or reinitiate charges if a count of conviction is withdrawn, set aside, vacated, reversed, or dismissed, including any claim that the United States has violated Double Jeopardy.

Defendant agrees not to raise any objections based on the passage of time, including but not limited to, alleged violations of any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

21.    <u>Integration Clause</u>

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case.

This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state, or local authorities.

The United States and Defendant agree that this Agreement cannot be modified except in a writing that is signed by the United States and Defendant.

PLEA AGREEMENT - 19

1

2

<u>Approvals and Signatures</u>

3       Agreed and submitted on behalf of the United States Attorney's Office for the

4   Eastern District of Washington.

5   Vanessa R. Waldref
    United States Attorney
6

7

8   _____              August 4, 2022
    David M. Herzog or Alison L. Gregoire    Date
9   Assistant United States Attorney

10      I have read this Plea Agreement and I have carefully reviewed and discussed

11  every part of this Plea Agreement with my attorney.  I understand the terms of this

12  Plea Agreement.  I enter into this Plea Agreement knowingly, intelligently, and

13  voluntarily.  I have consulted with my attorney about my rights, I understand those

14  rights, and I am satisfied with the representation of my attorney in this case.  No other

15  promises or inducements have been made to me, other than those contained in this

16  Plea Agreement.  No one has threatened or forced me in any way to enter into this

17  Plea Agreement.  I agree to plead guilty because I am guilty.

18

19  _____              8-4-22
    Bobby Charles Owens                      Date
20  Defendant

21      I have read the Plea Agreement and have discussed the contents of the

22  agreement with my client. The Plea Agreement accurately and completely sets forth

23  the entirety of the agreement between the parties.  I concur in my client's decision to

24  plead guilty as set forth in the Plea Agreement.  There is no legal reason why the

25  Court should not accept Defendant's guilty plea.

26

27  _____              Aug. 4. 2022
    Andrea George                            Date
28  Attorney for Defendant

PLEA AGREEMENT - 20