FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 09, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BOBBY CHARLES OWENS,<br><br>Defendant. | No. 2:21-cr-00029-RLP-1<br><br>ORDER DENYING MOTION FOR SENTENCE REDUCTION/COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A) |

BEFORE THE COURT is Bobby Charles Owens' Motion for Sentence Reduction/Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A), ECF No. 99, and the government's Motion to Seal medical records, ECF No. 106. Mr. Owens appeared *pro se*; the government was represented by Assistant United States Attorney Ian Garriques. The matter was considered without oral argument. The Court has reviewed the files and records and is fully informed.

Mr. Owens moves for a sentence reduction/compassionate release based on medical issues. He requests release so he can obtain surgery which he claims has been denied by the BOP. The government opposes the motion, arguing that Mr.

ORDER DENYING MOTION FOR SENTENCE
REDUCTION/COMPASSIONATE RELEASE UNDER 18 U.S.C. §
3582(c)(1)(A) ~ 1

Owens' medical claims are insufficient to justify compassionate release and that even if they were sufficient, the § 3553 factors do not support early release. The Court denies Mr. Owens' sentence reduction because Mr. Owens' medical issues do not rise to the level of extraordinary and compelling reasons justifying release. Additionally, the § 3553 factors disfavor early release in this case.

## FACTS/BACKGROUND

Bobby Charles Owens plead guilty to Attempted Child Sex Trafficking, in violation of 18 U.S.C. § 1594(a), a Class A felony. ECF No. 68. The charge arose from Facebook messaging with a 16-year-old girl who was a family friend. He referred to her as "niece" and she later reported that he "was like an uncle to her." ECF No. 75 at 9-10. Mr. Owens initially purchased pornographic images of the girl and later had two sexual encounters with her for money. ECF No. 75 at 6-11.

In October 2022, he was sentenced to 144 months imprisonment followed by supervised release for life. Mr. Owens is housed at FCI Sheridan and his projected release date is August 17, 2030.[1] Mr. Owens will be 50 years old on October 26, 2025. *See* ECF No. 75.

In September 2023, Mr. Owens filed a *pro se* Motion for Compassionate Release which was denied by Judge Peterson. ECF Nos. 83, 88.

---

[1] *See* https://www.bop.gov/inmateloc/ (visited September 12, 2025).

ORDER DENYING MOTION FOR SENTENCE
REDUCTION/COMPASSIONATE RELEASE UNDER 18 U.S.C. §
3582(c)(1)(A) ~ 2

In January 2025, Mr. Owens filed a Motion to Appoint Counsel. The matter was referred to the Federal Defenders of Eastern Washington and Idaho for screening. ECF No. 92. After determining the Federal Defenders would not be able to assist Mr. Owens, the Court granted counsel's motion to discontinue representation. ECF No. 95, 96.

In July 2025, Mr. Owens filed the pending Motion for Sentence Reduction under 18 U.S.C. § 3582, including a second request for appointment of counsel. ECF No. 99. The request for counsel was denied. Tr. 102. The government filed a response opposing sentence reduction, ECF No. 105, and a motion to seal Mr. Owens' medical records. ECF No. 106, 107.

## ANALYSIS

Federal courts have statutory authority to modify an imposed term of imprisonment for two reasons: compassionate release under 18 U.S.C. § 3582(c)(1) or based on a change in the sentencing guidelines under 18 U.S.C. § 3582(c)(2). Before the First Step Act passed in 2018, motions for compassionate release could only be brought to the Court by the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2002). However, defendants may now bring their own motions for compassionate release after exhausting administrative remedies within the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2018).

ORDER DENYING MOTION FOR SENTENCE
REDUCTION/COMPASSIONATE RELEASE UNDER 18 U.S.C. §
3582(c)(1)(A) ~ 3

Mr. Owens attached records showing he requested compassionate release from the warden/BOP in May 2024. ECF No. 101 at 85-91. The government does not challenge the motion based on failure to exhaust administrative remedies. Accordingly, Mr. Owens' motion for compassionate release is properly before the Court.

The First Step Act provides that a defendant may be eligible for compassionate release if: (1) the Court finds "extraordinary or compelling reasons" to warrant a sentence reduction; or (2) the defendant is at least 70 years old, has served at least 30 years in prison pursuant to a sentence imposed for the offense for which the defendant is currently imprisoned, and the defendant is determined not to pose a risk of danger to the community. 18 U.S.C. § 3582(c)(1)(A). Under either eligibility prong, the Court must also find that a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Guidelines instruct courts to consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release.

Subsection (2) of 18 U.S.C. § 3582(c)(1)(A) does not apply. Thus, the question before the Court is whether extraordinary and compelling reasons exist to grant Defendant's request for compassionate release under § 3582(c)(1).

Extraordinary and Compelling Reasons

Defendant contends that extraordinary and compelling reasons justify a sentence reduction. ECF No. 99 at 4. The First Step Act does not define "extraordinary and compelling reasons" warranting a sentence reduction but directs courts to consider the Sentencing Commission's policy statements when deciding compassionate release motions. 18 U.S.C. § 3582(c)(1)(A). In 2023, the Sentencing Commission's policy statement on sentence reduction was updated to reflect changes implemented by the First Step Act. U.S.S.G. § 1B1.13. District courts are required to abide by the Sentencing Commission's policy statements. *Concepcion v. United States*, 597 U.S. 481, 495 (2022).

The USSG policy statement outlines the categories of circumstances which may constitute extraordinary and compelling reasons for a sentence reduction based on: (1) medical circumstances; (2) age; (3) family circumstances; (4) when the defendant is a victim of certain types of abuse while in custody (5) other reasons; or (6) an unusually long sentence of which at least 10 years have been served and there is a change in the law. U.S.S.G. § 1B1.13. Relevant here, Mr. Owens alleges his medical circumstances constitute extraordinary and compelling circumstances. Medical circumstances may constitute extraordinary and compelling reasons when:

> (A) the defendant is suffering from a terminal illness;
> (B) the defendant is suffering from a serious physical or medical condition, functional or cognitive impairments, or deteriorating physical or mental health because of the aging

>process which substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover;
>(C) the defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death;
>(D) there is an imminent or ongoing risk of an outbreak of infectious disease or an ongoing public health emergency and the defendant is at increased risk of severe medical complications as a result of exposure, and such risk cannot be mitigated in a timely manner.

U.S.S.G. § 1B1.13.

Mr. Owens alleges he has a serious physical condition in his hip that causes pain with everyday activities and an umbilical hernia. ECF No. 99 at 4-5. He contends that both conditions require surgery "that the BOP won't perform." ECF No. 99 at 5. He states his medical needs can be met if allowed to be released or on home confinement. *Id.*

As an initial matter, it is noted that Mr. Owens does not allege that his ability to provide self-care within the environment of a correctional facility is diminished. In fact, his release plan indicates that he does not require assistance with self-care such as bathing, walking, or toileting. ECF No. 100 at 4. Additionally, he states that he has access to health insurance if released and plans to pay for his medical

ORDER DENYING MOTION FOR SENTENCE REDUCTION/COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A) ~ 6

care with Medicare. The Court notes that Mr. Owens would not likely be eligible for Medicare because that benefit is generally not available until age 65.[2]

Medical records submitted by Mr. Owens and the government indicate that he was evaluated by a surgeon regarding his umbilical hernia in November 2024. ECF No. 101 at 75-76. The surgeon "do[es] not recommend elective surgical repair at this time as he is extremely high risk for perioperative complications and high risk for early hernia recurrence." ECF No. 101 at 76. Mr. Owens was instructed to return to the clinic once he has lost a significant amount of weight. *Id.*

Mr. Owens was evaluated by an orthopedic surgeon regarding his right hip pain in October 2024. ECF No. 101 at 78-80. He was diagnosed with moderate to severe osteoarthritis in the right hip. ECF No. 101 at 80. It was recommended that he take Tylenol and use anti-inflammatories. He does not qualify for hip replacement surgery until he loses a significant amount of weight. *Id*. The BOP medical clinic manages his prescription for gabapentin and naproxen which provides some relief of symptoms. ECF No. 107 at 10; ECF No. 101 at 2. He began taking semiglutide for weight loss in December 2023. ECF No. 107 at 10; ECF No. 101 at 1. He was provided with a walker for ambulation. ECF No. 101 at 5, 107 at 32, 39. Other accommodations include assignment to a lower bunk, an

---

[2] *See* e.g., https://www.ssa.gov/faqs/en/questions/KA-02113.html.

ORDER DENYING MOTION FOR SENTENCE
REDUCTION/COMPASSIONATE RELEASE UNDER 18 U.S.C. §
3582(c)(1)(A) ~ 7

extra mattress, a cane, and allowing him to take shortest routes through the facility due to his mobility issues. ECF No. 107 at 67-72.

Mr. Owens failed to establish his medical circumstances qualify for relief pursuant to 18 U.S.C. § 3582(c)(1)(A). First, while Mr. Owens' medical difficulties are unfortunate, they do not give cause for relief under § 3582. Both conditions complained of by Mr. Owens existed at the time of sentencing, ECF No. 75 at 33, and neither has been shown to substantially diminish his ability to provide self-care. Second, the medical record shows that Mr. Owens is not eligible for surgery. Even if he were released, it is not clear that he would have insurance coverage to pay for any surgery, even if he was eligible. Third, there is no indication that the BOP is not providing adequate care. While in BOP custody, Mr. Owens has been evaluated by specialists who concluded he is not eligible for surgery until he loses weight. He is receiving pain medication and weight loss treatment. Other accommodations have been made to reduce the impact of his symptoms. It appears Mr. Owens has received appropriate treatment from BOP such that his hip condition does not constitute a serious medical condition diminishing his ability to provide self-care, § 1B1.13(b)(1)(B), or a medical condition that requires specialized medical care that is not being provided, § 1B1.13(b)(1)(C). Mr. Owens' medical condition is not an extraordinary or compelling circumstance warranting a sentence reduction.

ORDER DENYING MOTION FOR SENTENCE REDUCTION/COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A) ~ 8

18 U.S.C. § 3553 Factors

Under 18 U.S.C. § 3582(c)(1)(A) and the Sentencing Commission policy statement, the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release. Even if Mr. Owens had shown that extraordinary and compelling reasons exist to warrant a reduction in sentence, the Court does not find that the § 3553(a) factors support a reduction in sentence. These factors include in part: (1) the defendant's personal history and characteristics; (2) the need for the sentence imposed to reflect seriousness of the offense, promote respect for the law, and provide just punishment; (3) deterrence to further criminal conduct; (4) to protect the public from further crimes of the defendant; and (4) the applicable sentencing guidelines. *See* 18 U.S.C. § 3553(a). These factors weigh against release.

Mr. Owens' personal history and characteristics do not favor early release. He has a long history of criminal activity, failures to appear, violations of terms of supervised release, and violations of protective orders, including domestic violence. ECF No. 75 at 20-28. The No Contact Order and its violations involved Mr. Owens' wife, with whom he proposes to reside. *Id.* The current offense involves the sexual exploitation of a minor who viewed him like a family member, and he now proposes to live with his minor children. At the time of his arrest, Mr. Owens was using methamphetamine daily. ECF No. 75 at 34. Mr. Owens' request

ORDER DENYING MOTION FOR SENTENCE
REDUCTION/COMPASSIONATE RELEASE UNDER 18 U.S.C. §
3582(c)(1)(A) ~ 9

to the BOP notes he has been involved in some rehabilitative activities while incarcerated, which is to be commended. ECF No. 101 at 91. However, this does not offset his personal history and background to favor of sentence reduction.

Mr. Owens' current sentence reflects the nature and seriousness of his offense and the need for just punishment. He was sentenced to 144 months imprisonment, ECF No. 81, and has thus far served approximately 35% of his sentence. This is not sufficient to ensure respect for the law and provide just punishment. Furthermore, such a reduction in sentence would not ensure the public is protected and serves as little deterrence to future criminal conduct.

Nothing has changed regarding the § 3553 factors since the Court's previous denial of Mr. Owens' first motion for compassionate release. ECF No. 88. The Court has again fully considered the § 3553 factors and finds the sentence imposed remains sufficient but not greater than necessary to comply with the purposes of sentencing.

Regarding the government's Motion to Seal Mr. Owens' medical records, the Court notes the public has a right to access criminal proceedings, and to inspect public records related to judicial proceedings. *Globe Newspaper Co. v. Super. Ct. for Norfolk Cty.*, 457 U.S. 596, 606 (1982); *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978). By making a Motion for Sentence Reduction, Mr. Owens placed his medical condition at issue before the Court. However, given the sensitive

ORDER DENYING MOTION FOR SENTENCE
REDUCTION/COMPASSIONATE RELEASE UNDER 18 U.S.C. §
3582(c)(1)(A) ~ 10

nature of medical records and the Court's denial of Mr. Owens' motion, the Court finds good cause exists to grant the Motion to Seal.

Accordingly, **IT IS HEREBY ORDERED:**

1. Owens' Motion for Sentence Reduction/Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A). **ECF No. 99**, is **DENIED**.

2. The government's Motion to Seal, **ECF No. 106**, is **GRANTED.**

**IT IS SO ORDERED.** The Clerk of the Court is directed to enter this order and provide copies to counsel, the U.S. Probation Office, and Mr. Owens.

**DATED** October 9, 2025.

REBECCA L. PENNELL
United States District Judge